## ADLER & BRO. V. CLAFLIN, MELLIN & CO.

1. **Practice:** QUESTION NOT PRESENTED BELOW. The appellant cannot, in the appellate court, avail himself of an objection to the ruling appealed from which was not presented to the court below.

2. **Fraud:** MORTGAGE. A mortgage made in good faith to secure a *bona fide* creditor is not fraudulent though it have the effect to delay and postpone other creditors.

3. ———: POSSESSION BY MORTGAGOR. A provision in a mortgage that one of the debtors shall remain in possession of the goods mortgaged, receiving the proceeds and paying the same to the banker of the creditor, after deducting the expenses of sale, including his own wages, which are specified, does not render the incumbrance void or invalid.

*Appeal from Des Moines District Court.*

MONDAY, OCTOBER 10.

REPLEVIN. Plaintiffs claim the property under a chattel mortgage made by A. & B. Wilner, of September 8th, 1861. Defendants claim under an attachment against the mortgagors, issued in December, 1861; insisting that the said mortgage was fraudulent and void. By the terms of the mortgage, the property (consisting of ready made clothing) was sold and conveyed to plaintiffs, for the consideration of $2,772, owing by the mortgagors to them. One of the mortgagors was to remain in possession of the store and goods, for the purpose of disposing of the same by retail; was to keep an account of the receipts and expenditures, and to deposit the money received, each morning, in the bank, to the credit of plaintiffs—and so often as one hundred dollars was received, was to send to plaintiffs a certificate of deposit therefor, until the debt was paid; but if the debt was not paid within six months, or if there was a failure to make deposits, or to keep correct books showing the daily sales, or to remit the certificates of deposit, plaintiffs had the right and privilege to enter and take possession of the whole of said property, and sell and

dispose of the same, as to them might seem best. The partner thus put in charge of the goods was to receive a fixed and named consideration for his services in attending to the business, but from whom, or how, is not stated. Plaintiffs aver that the said partner remained in possession until November 28th, 1861, but that he failed to keep correct books, to make deposits, or forward certificates of deposit as required by the mortgage; that the debt remains unpaid, wherefore, &c. Judgment for the plaintiffs, and defendant appeals.

*J. C. & B. J. Hall* for the appellant.

*D. Rorer* for the appellee.

Wright, Ch. J.—It is admitted that one member of a firm may encumber or transfer the entire stock or property of the partnership in security or liquidation of the firm debt; but it is insisted (and this is the very question presented by counsel) that in this case the mortgage is fraudulent and void on its face. To the proposition appellees' counsel very justly responds, that no such position was assumed in the court below. It is but too manifest that defendants claimed that the transaction was void from evidence *aliunde*, and that at no time during the trial was it suggested that the instrument carried the evidence of its own invalidity upon its face. No instruction presenting this question was asked. It is true the jury were told, at defendant's request, that in making up their minds as to the intent with which the mortgage was made, they would look to the terms of the contract, as shown by the instrument itself, as well as all the other evidence. But this, instead of favoring appellants, tends to show that the matter was submitted to the jury, and that they did not ask the court at any time, to pass upon or construe the mortgage itself. Waiving, however, this view of the case, we remark that we

1. PRAC-TICE; question not presented below.

2. FRAUD: mortgage.

Adler & Bro. v. Claflin, Mellin & Co.

cannot concur in the construction claimed for this mort-
gage. There is no intimation that plaintiffs were not *bona
fide* creditors of the mortgagors. As such, they had a
right to secure their debt, and although the effect may
have been to postpone and delay other creditors, the trans-
action would not, upon that ground, be invalid. This is
the necessary result in almost every instance, where a
debtor makes a mortgage to secure one or more of his
creditors. And yet, there being no intention to defraud,
to hinder or delay creditors, it would not be pretended
that it was void. Nor does the fact, that upon the face of
8. —— Pos- the instrument it is provided that one of the
session by
mortgagor. debtors shall remain in possession of the goods,
receiving the proceeds, and paying the same to the banker
of the creditor, render the incumbrance void or invalid.
The mortgage was duly acknowledged and recorded. De-
fendants and all the world had constructive notice of its
existence. There was no benefit or interest reserved in
the mortgagors inconsistent with the tenor or object of the
security, nor with the rights of third persons. It is not as
though provision was made for the maintenance or support
of a wife or child of mortgagor, or the mortgagors them-
selves. The true construction is, that one of the mort-
gagors took charge of the property as the trustee or agent
of the parties interested, was to attend to its disposition,
and the application of the proceeds to the payment of the
debt thus secured. That the person thus selected was one
of the debtors rather than a third person, did not make
the instrument constructively fraudulent. Such selection
might legitimately be considered in determining the ques-
tion of fraud, but it does not make the transaction fraudu-
lent *per se.* If under our law a valid mortgage may be
made of chattels, when the mortgagor retains the actual
possession, it would certainly not be invalid if the pro-
perty should be turned over to one of the debtors to dis-

pose of, for the honest purpose of paying the mortgage debt. Upon this subject see *McGarvan* v. *Haupt*, 9 Iowa, 83; *Kuhn* v. *Graves*, Id., 303; *Torbert* v. *Hayden*, 11 Id., 435; *Welhelmi* v. *Leonard*, 13 Id., 331; *Fromme* v. *Jones*, Id., 474; 11 Wend., 196. Counsel refer us, among other cases, to *Grover* v. *Wakeman*, 11 Wend., 188. That was a general assignment, and is in no just sense analogous to the case before us. The real question decided was, whether the assignment was void, for the reason that it made the preference to creditors depend upon the condition, that those thus preferred should give to the assignors an absolute discharge of their debts. (See conclusion of opinion, 226.)

This is not a general assignment, and there is no condition or reservation for the benefit of the mortgagors. There is simply a provision made for the disposition of the mortgaged property, and the payment of the expenses attending such disposition. However jealously courts may look upon such a transaction, when one of the mortgagors is selected as the agent to dispose of the property, we are not prepared to say, in the absence of other evidence showing a fraudulent intent, that the transaction is, upon its face, void.

The other cases cited by counsel, will be found equally inapplicable.

Affirmed.