JESSE PARTRIDGE *vs.* CHARLES E. WHITE.

*Chattel mortgage—construction of. Ratification. Agent's declarations.*

A mortgage of "the goods and chattels now in" the mortgager's store in a certain town named, "a schedule of which is hereunto annexed," covers only the goods then in the store of which a schedule was made.

By bringing a suit to recover the value of goods mortgaged to the plaintiff claiming to hold under the mortgage, the plaintiff thereby ratifies the act of his attorney in taking the mortgage in the plaintiff's name.

The declarations of an agent in regard to a past transaction are not admissible against the principal.

ON EXCEPTIONS.

TROVER wherein the plaintiff claims to recover the value of a stock of goods in Brunswick, in the county of Cumberland.

The plaintiff claimed to hold by virtue of a mortgage from one Strout to him, dated Dec. 29, 1868, to secure $700 and interest.

The defendant claimed, by virtue of a mortgage from said Strout, to one Thompson, deceased, to secure $300 and interest, dated April 8, 1864. The mortgage described the property as "the goods and chattels now in my store in Brunswick, aforesaid, a schedule of which is hereunto annexed."

It appeared that the defendant was the administrator of the estate of the mortgagee, Thompson.

There was evidence tending to show that the defendant took possession of the goods in controversy under the mortgage; that he had let Strout have $1,000, and was to have a claim on the goods

till the money was paid; that after taking possession, the defendant sold the goods for $3,635.39.

The presiding judge instructed the jury, that in order to hold the goods on the mortgage under which the defendant claimed, it would be incumbent on him to prove that the goods were the same which were covered by that mortgage, and that he could hold no other under it, but the identical goods that were in the store at the time it was given.

That admitting the Thompson mortgage to be valid, if there were more goods than were sufficient to pay the mortgage, then the plaintiff's mortgage conveyed to him a right of redemption of the Thompson mortgage, that not having been foreclosed; and if the Thompson mortgage was discharged without foreclosure, it would be no justification for the defendant.

The defendant denied the validity of the mortgage to Patridge because it appeared in evidence that it was taken by one Brown, an attorney at law, with whom the plaintiff had left a note against Strout, upon which to obtain security; and that it was in evidence that Brown had stated that he had no authority to take a mortgage.

And the presiding judge instructed the jury that Brown was not a party to the suit, and his admissions or statements at other times were not testimony, except so far as they tend to impeach his credibility as a witness.

The verdict was for the plaintiff, and the defendant alleged exceptions.

*J. D. Brown*, for the plaintiff.

*J. D. Simmons*, for the defendant, cited *Abbott* v. *Goodwin*, 20 Maine, 408; *Jewett* v. *Preston*, 27 Maine, 400; 1 Greenl. on Ev. §§ 113 and 114; *Burnham* v. *Ellis*, 39 Maine, 319.

APPLETON, C. J. The mortgage to Samuel Thompson, under which the defendant justifies, was of " the goods and chattels now in my store in Brunswick aforesaid, a schedule of which is here-

unto annexed." This could only cover those. then in the store, of which a schedule was made. The case of *Abbott* v. *Goodwin*, 20 Maine, 408, does not apply.

Whether Brown had authority originally to take the mortgage under which the plaintiff claims is immaterial. His action has been affirmed by the bringing of this suit. The defendant cannot complain, for his right was to the goods mortgaged to Thompson, and the jury by their verdict, under proper instructions, have found that none of those are embraced in the plaintiff's claim, or that the mortgage was discharged.

The rulings of the presiding justice were in strict accordance with law.                                                    *Exceptions overruled.*

CUTTING, KENT, WALTON, BARROWS, DANFORTH, and TAPLEY, JJ., concurred.