CITY NATIONAL BANK *v.* GOODRICH, Assignee.

1. A mortgage of personal property consisting of goods in a merchant tailoring establishment is void as against creditors where the mortgagors by the consent of the mortgagee continue to carry on business, manufacturing and selling the goods, in the usual course.

2. Though a chattel mortgage to secure an antecedent debt may be good as between the parties, yet if, at the time of the transfer of the property mortgaged, the mortgagee has knowledge of the insolvency of the mortgagors, such transfer is in fraud of the Bankrupt Act and void as giving a preference to creditors.

*Appeal from District Court of Arapahoe County*

THE appellee brought an action in trover in the court below against the appellant, claiming to recover as assignee in bankruptcy the value of certain chattels, taken from Baxter & Hobson, by the appellant, under circumstances that rendered the taking a fraud within the meaning of sections 35 and 39 of the Bankrupt Act. Baxter & Hobson were, upon their own petition, adjudicated bankrupts, on the 19th day of May, 1873.

Up to about the 5th day of May, 1873, Baxter & Hobson had been engaged in carrying on the business of merchant tailoring.

About the 17th day of March, 1873, Baxter & Hobson were indebted to the appellant in the sum of $2,500, which was secured by a chattel mortgage upon their stock of goods. Before the maturity of this indebtedness, and on the 5th of April, 1873, another arrangement was effected between Baxter & Hobson, and the appellant,—the indebtedness was made to mature thirty days thereafter, was increased from $2,500 to $2,700, and was secured by a new chattel mortgage on the stock and fixtures of Baxter & Hobson. The addition of $200 to the indebtedness was made up of $150—the estimated cost of foreclosing the chattel mortgage—and $50 added by way of interest.

At this time, April 5th, 1873, as it appears in evidence, Baxter & Hobson had in their store about $4,000 worth of goods, and accounts on their books in their favor for about $1,200 more, which would make them worth about $5,200, if the book accounts were all good. On the other hand, they were indebted to about the sum of $9,000.

Between April 5th, 1873, and May 17th, 1873, Baxter & Hobson had received from the east, between $2,000 and $3,000 worth of goods, and had sold at least $2,000, from which it appears that relatively the parties stood about the same on the 17th day of May, 1873, as they did on the 5th of April, 1873.

On the 17th day of May, 1873, the appellant took and removed the goods.

The mortgage under which the appellant claimed to, and did, take the goods, covered all the furnishing goods, trimmings, and fixtures of Baxter & Hobson, and permitted Baxter & Hobson to retain the possession and to use and enjoy the goods until default.

The mortgage was given to secure an antecedent indebtedness of Baxter & Hobson to the appellant.

The assignee claimed to recover the value of the goods

taken by the bank, for the reason that the bank had obtained a preference prohibited by the Bankrupt Act.

The cause was tried by the court without a jury, and the appellee had judgment for $2,600.

Messrs. SAYRE, WRIGHT & BUTLER, for appellant.

Messrs. FRANCE & ROGERS, for appellee.

A. W. STONE, J. On the 5th day of April, 1873, Baxter & Hobson, being indebted to appellant in $2,700, executed to it a note for that amount, due in thirty days, and a chattel mortgage on one hundred and forty-eight pieces of suitings; sixteen pieces of black doeskin; eight pieces beaver; two hundred pieces of casimeres; twelve pieces velvet; seventy-two pieces vestings, and all and every the furnishing goods, trimmings and fixtures, in their store in Denver. The mortgage contained the usual covenants and provisos, and a special proviso, that the mortgagors might retain possession of the mortgaged property, and use and enjoy the same, until default made, in the conditions of the mortgage. The mortgage was duly recorded. The note was not paid at maturity, and on May 8th, 1873, the mortgagee, with the consent of Baxter & Hobson, took possession of the goods, then in the store of Baxter & Hobson, ostensibly under, and by virtue of this mortgage. On the 19th day of May, 1873, Baxter & Hobson were adjudged bankrupts, and this suit is brought by their assignee to recover the goods so taken by the appellant.

The proof shows, that after the execution and delivery of the mortgage, the mortgagors continued in possession of the goods, and carried on their business in the ordinary course, manufacturing the goods mortgaged, and selling the same, as before the mortgage, up to the time that the mortgagee took possession, and that this was well known to the mortgagee.

The law in such case is, that the mortgage is fraudulent, and void as to creditors. This rule is too well settled to re-

quire argument. *Davis* v. *Ransom*, 18 Ill. 396 ; *Read* v. *Wilson*, 22 id. 377 ; *Griswold* v. *Sheldon*, 4 Comst. 580 ; *Bank of Leavenworth* v. *Hunt*, 11 Wall. 391 ; *Barnet* v. *Fugus*, 51 Ill. 352 ; *Chain* v. *Herbert*, 61 id. 126 ; *Putnam* v. *Osgood*, 52 N. H. 148 ; *In re Eldredge*, 2 Biss. U. S. C. C. R. 362.

The mortgage being void as to creditors, the appellant acquired nothing by it. The other question to be considered is the effect of the delivery of the goods by Baxter & Hobson to the appellant, on the 8th or 17th of May. Possession was taken on the 8th, but delivery was not perfected until the 17th of May.

The appellant assumed to take the goods by virtue of the mortgage, though it did not take the same goods described in it.

If the mortgage was valid between the parties, the mortgagee acquired no rights as against creditors under it, until the delivery to it of the property described in it, and at that time the proof shows that Baxter & Hobson were insolvent, and appellant knew it.

The effect of this transfer was, to secure the *property to* the appellant, and give it a preference, and that this effect was intended by both parties does not admit, upon the evidence, of any doubt. The transfer is in fraud of the Bankrupt Act, and void. Judgment affirmed, with costs.

*Affirmed.*