BURROWES, The R. W. See Case No. 12,-180.

## Case No. 2,204.

*In re* BURROWS.

[7 Biss. 526; 5 N. Y. Wkly. Dig. 137; 6 Am. Law Rec. 203; 1 Tex. Law J. 41; 23 Int. Rev. Rec. 362; 5 Cent. Law J. 241.][1]

District Court, D. Indiana. Aug., 1877.

FRAUDULENT CHATTEL MORTGAGE.

1. A chattel mortgage given to secure a debt and also covering other property, which is used by the mortgagor as his own and for his own benefit, is fraudulent against creditors, and the instrument is void.

2. A mortgage given in part to defraud creditors is void altogether.

[Cited in Re Kirkbride, Case No. 7,839.]

[See note at end of case.]

In bankruptcy. On the 9th of March, 1876, Asa W. Burrows, a confectioner, executed a chattel mortgage on his stock in trade, fixtures, furniture, and utensils, to secure to William T. Gibson the payment of certain promissory notes. On the 28th of February, 1876, the Aetna Insurance Company brought suit in the circuit court of the United States for this district, against Burrows, to recover possession of certain premises, and for unpaid rent; and on the 25th of March the insurance company obtained judgment for possession of the premises, and $700 for their use and occupation. On the 28th of March, an execution was issued and placed in the hands of the marshal, and on the 30th was levied on the stock then on hand, and the fixtures, furniture, and utensils described in the mortgage. On the 10th of April Burrows was adjudged a bankrupt on his own petition. Afterwards, by agreement of Gibson and the insurance company, the property in dispute was delivered to Burrows' assignee to be sold, whatever liens said claimants had being transferred to the fund to be derived from said sale. The assignee sold the property for $1,000, subject to a mortgage held by the purchaser. Both Gibson and the insurance company claim this sum; the former by virtue of the lien of his mortgage, the latter by virtue of the lien of its execution and levy. [The court ordered that the fund be applied to the execution.]

Porter, Fishback & Porter, for insurance company.

[1] [Reported by Josiah H. Bissell, Esq., and here reprinted by permission. 23 Int. Rev. Rec. 362, only contains a partial report.]

Chapman & Hammond, for mortgagee.

GRESHAM, District Judge. The insurance company insists that, although on its face there was no objection to the mortgage, yet it was void, because there was a verbal agreement between Gibson and Burrows that the latter should continue his business just as he had done before, disposing of the mortgaged property for his own benefit. This was denied by Gibson, and the special master to whom this question of fact was referred, reported that the mortgaged property consisted of the stock, fixtures, furniture, etc., of Burrows' confectionery store; that with the knowledge and consent of Gibson, Burrows continued his business, just as it had been carried on before the execution of the mortgage, using the proceeds of the sales as his own, and that this agreement extended to the stock on hand only, and not to the fixtures, furniture, utensils, or any other property described in the mortgage. The master further reported that the value of the stock on hand at the time the mortgage was executed, compared with the fixtures, furniture, etc., was small, but what the proportion was he did not find.

It is insisted by the insurance company that the agreement that Burrows should continue to carry on the business, buying and selling in the usual way, and using the proceeds of the stock as his own, rendered the entire mortgage void; while, on the other hand, it is contended by Gibson that the agreement vitiated the mortgage so far only as the stock on hand was concerned.

A creditor has a right to take a mortgage from his debtor, if he can get it, to secure his own debt. More than that he is not allowed to do. If the mortgagee, not satisfied with getting security for his own debt, goes farther and agrees that the mortgage shall cover certain other property, which shall be used by the mortgagor as his own and for his own benefit, a fraud is committed against other creditors, and the entire instrument is void. Such an agreement necessarily hinders and delays other creditors. It will not do for the mortgagee in this case to say that so far as the fixtures, furniture and utensils were concerned, there was no evidence of an intent that they should be protected by the mortgage for the benefit of the mortgagor. It is enough that the object of the parties in part was to do what amounts to a fraud on other creditors. That unlawful design, confined as it was to only part of the property, was sufficient to render the mortgage void in its entire extent. Entire good faith is necessary to uphold such instruments, and it cannot be said the parties have dealt fairly, when their design, as to part of the property described in the mortgage, was to detect it in the hands of the mortgagor from levy and sale by other creditors. Russel v. Winne. 37 N. Y. 591; Thomas, Mortg. 487.

It is therefore ordered that the fund be applied to the payment of the execution of the Aetna Insurance Company, and an order will be made for payment of costs by Gibson.

[2] [The above decision is sustained by Herman in his recent work on Chattel Mortgages, in which he says: "And if by reason of a fraudulent intent as to part, as where a stock of goods and buildings are mortgaged together, and the mortgagor is allowed to sell for his own use and benefit the stock of goods, the mortgage, being fraudulent as to the goods, is fraudulent as to all the property therein described." See Denny v. Dana, 2 Cush. 160; Young v. Pate, 4 Yerg. 164, and other authorities mentioned in note.

[We know of no case reported in this state involving exactly the same points as the one above as to holding the whole mortgage void because a portion of the goods mortgaged was permitted to be held by the mortgagor and the proceeds thereof to be by him used as he saw fit; therefore, fraudulent per se, while if the mortgage had been on the fixtures alone it would, of course, have been valid. The last case reported involving this general subject, being that of Kleine v. Katzenberger, 20 Ohio St. 110, in which the mortgage contained the stipulation "that the mortgagees were to retain possession of the goods (a stock of clothing) on default of payment, or any attempt to sell (except in the usual retail way, and that he will then pay over the money received therefor to the mortgagees as the goods are sold"), etc.

[The majority of the court (Judges Brinkerhoff and Welsch dissenting) decided that the mortgagor was simply the agent of the mortgagees to sell the goods, and in thus selling the goods for their benefit was not necessarily in fraud of the rights of other creditors, and that such an arrangement raises only a question of good faith to be determined by the jury in the light of all the evidence, and is not per se fraudulent. Citing Ford v. Williams, 24 N. Y. 359; Miller v. Lockwood, 32 N. Y. 293; 1 Pars. Cont. 571.

[The law being, it seems, well settled that where the mortgagor is permitted to retain possession of the goods and sells them in the usual retail way for his own benefit, the act is fraudulent per se, and the mortgage as against other creditors is void. This was admitted to be the settled law of the state by the able attorneys, Messrs. Long & Kramer, who were the counsel for plaintiff in the case in 20 Ohio St. above referred to, and we think in this they were correct.] [2]

NOTE [from original report]. As to invalid and fraudulent chattel mortgages consult also: In re Forbes [Case No. 4,922]; Moore v. Young [Id. 9,782]; In re Stephens [Id. 13,365]; In re Eldridge [Id. 4,330]; Harvey v. Crane [Id. 6,178]; Bowen v. Clark [Id. 1,721].

[NOTE. The question as to the validity of a mortgage of stock in trade, where the mortgagor

remains in possession and transacts business in the ordinary mode, has been the occasion of a great deal of discussion. As stated in the supreme court by Mr. Justice Davis in Robinson v. Elliott, 22 Wall. (89 U. S.) 513, "the cases cannot be reconciled by any process of reasoning or on any principle of law." The court in this case adopted the doctrine of Twyne's Case, to wit, that such a mortgage is fraudulent as to creditors. Subsequent decisions of that court, however, are to the effect that such a mortgage is not absolutely void or fraudulent as a matter of law. People's Sav. Bank v. Bates, 120 U. S. 556, 7 Sup. Ct. 679; Etheridge v. Sperry, 139 U. S. 266, 11 Sup. Ct. 565, affirming 63 Iowa, 543, 19 N. W. 657.

[The inferior federal courts have generally followed the statutory constructions of the courts of last resort of the states. Rindskopf v. Vaughan, 40 Fed. 394; Mitchell v. Winslow, Case No. 9,673; Johnson v. Patterson, Id. 7,403. And see Morse v. Riblet, 22 Fed. 501; Wells v. Langbein, 20 Fed. 185; Maish v. Bird, 22 Fed. 180; Hills v. Stockwell & Darragh Furniture Co., 23 Fed. 432. In bankruptcy proceedings, mortgages of this character have been usually regarded as fraudulent per se. Smith v. McLean, Case No. 13,074; In re Forbes, Id. 4,922; In re Bloom, Id. 1,557; In re Kahley, Id. 7,593; In re Morrill, Id. 9,821; Smith v. Ely, Id. 13,044; In re Manly, Id. 9,031; In re Perrin, Id. 10,995; McLean v. Lafayette Bank, Id. 8,888; Bowen v. Clark, Id. 1,721; In re Cottrell. Id. 2,389; In re Burrows, Id. 2,204; Catlin v. Currier, Id. 2,518; In re Kirkbride, Id. 7,839; Crooks v. Stuart, 7 Fed. 800; Smith v. Kenney, 1 Mackey, 12; Fox v. Davidson, Id. 102.

[The doctrine held by the courts of the several states is illustrated by a few of the later decisions. Thus, in the following states it is held that a chattel mortgage of merchandise, leaving the mortgagor in possession with power of sale, is fraudulent, as a matter of law, as to third parties: California: See Civ. Code Cal. § 2955; 3 Hitt. Code, p. 239. Colorado: City Nat. Bank v. Goodrich, 3 Colo. 139; Brasher v. Christophe, 10 Colo. 284, 15 Pac. 403; Harbison v. Tufts, 1 Colo. App. 140, 27 Pac. 1014; Wilson v. Voight, 9 Colo. 614, 13 Pac. 726. Connecticut: Bishop v. Warner, 19 Conn. 460; Lewis v. McCabe, 49 Conn. 141. Idaho: See Lewiston Nat. Bank v. Martin, 2 Idaho, 700, 23 Pac. 920; and see Lyon v. Council Bluffs Sav. Bank, 29 Fed. 566. Illinois: Greenebaum v. Wheeler, 90 Ill. 296; Dunning v. Mead, Id. 376; Huschle v. Morris, 131 Ill. 587, 23 N. E. 643; William Deering & Co. v. Washburn, 141 Ill. 153, 29 N. E. 558; and see Goodheart v. Johnson, 88 Ill. 58. Chattel mortgages are not recognized in Louisiana: Delop v. Windsor, 26 La. Ann. 185; Rev. Code. § 3289. Maryland: See Price v. Pitzer. 44 Md. 521; Butler v. Rahm, 46 Md. 541; Hudson v. Warner, 2 Har. & G. 415; Triebert v. Burgess, 11 Md. 452. Minnesota: Braley v. Byrnes, 25 Minn. 297; Horton v. Williams. 21 Minn. 187; Stein v. Munch, 24 Minn. 390; First Nat. Bank v. Anderson, Id. 435; Mann v. Flower, 25 Minn. 500; Gallagher v. Rosenfield, 47 Minn. 507, 50 N. W. 696; Bannon v. Bowler, 34 Minn. 418, 26 N. W. 237. Missouri: Hisey v. Goodwin, 90 Mo. 366, 2 S. W. 566; Hubbell v. Allen, 90 Mo. 574, 3 S. W. 42; Bullene v. Barrett, 87 Mo. 186; White v. Graves, 68 Mo. 218; Weber v. Armstrong, 70 Mo. 217; Lodge v. Samuels, 50 Mo. 204; France v. Thomas, 86 Mo. 80. Montana: Leopold v. Silverman, 7 Mont. 266, 16 Pac. 580; Rocheleau v. Boyle, 11 Mont. 451, 28 Pac. 872; Schwab v. Owens, 10 Mont. 381, 25 Pac. 1049. Nevada: Wilson v. Hill, 17 Nev. 401, 30 Pac. 1076; Gray v. Sullivan, 10 Nev. 416; Lawrence v. Burnham, 4 Nev. 361; In re Morrill, 2 Sawy. 356, 8 N. B. R. 117, Case No. 9,821. See Comp. Laws Nev. 1873, § 294. New Mexico: Speigelberg v. Hersch, 3 N. M. 185, 4 Pac. 705. New York: In this state the decisions are very conflicting. See Southard v.

Benner, 72 N. Y. 424; Potts v. Hart, 99 N. Y. 168, 1 N. E. 605; Hangen v. Hachemeister, 114 N. Y. 566, 21 N. E. 1046; Brewing Co. v. Hart, 48 Hun, 393, 1 N. Y. Supp. 388; Brackett v. Harvey, 91 N. Y. 214; Thompson v. Fuller, 54 Hun, 639, 8 N. Y. Supp. 62; Hincks v. Field, 60 Hun, 576, 14 N. Y. Supp. 247; Havens v. Exstein, 56 Hun, 643, 9 N. Y. Supp. 605; Id., 5 N. Y. Supp. 735; Simis v. Hodge, 50 Hun, 410, 3 N. Y. Supp. 228. North Carolina: Cheatham v. Hawkins, 76 N. C. 335, 80 N. C. 161; Holmes v. Marshall. 78 N. C. 262; Kreth v. Rogers, 101 N. C. 263, 7 S. E. 682; Queen v. Wernwag, 97 N. C. 383, 2 S. E. 657. See Weill v. First Nat. Bank, 106 N. C. 1, 11 S. E. 277. North Dakota: First Nat. Bank v. Comfort, 28 N. W. 855: but see Reichert v. Simons, 6 Dak. 239, 42 N. W. 657; McKay v. Shotwell, 6 Dak. 124, 50 N. W. 622. Oregon: Aiken v. Pascall, 19 Or. 493, 24 Pac. 1039; Bremer v. Fleckenstein, 9 Or. 266; Orton v. Orton, 7 Or. 478; Jacobs v. McCalley, 8 Or. 124; Jacobs v. Ervin, 9 Or. 52. Pennsylvania: Clow v. Woods, 5 Serg. & R. 279; Carpenter v. Mayer, 5 Watts. 483. See Hower v. Geesaman, 17 Serg. & R. 251; Bentz v. Rockey, 69 Pa. St. 71; McKibbin v. Martin, 64 Pa. St. 352. Tennessee: Tennessee Nat. Bank v. Ebbert, 9 Heisk. 153; Doyle v. Smith, 1 Cold. 15; Sommerville v. Horton, 4 Yerg. 540; Simpson v. Mitchell, 8 Yerg. 416. Texas: Peiser v. Peticolas, 50 Tex. 638; and see Crow v. Red River Co. Bank, 52 Tex. 362; Scott v. Alford, 53 Tex. 82. Virginia: Lang v. Lee, 3 Rand. 410; Quarles v. Kerr, 14 Grat. 48; Perry v. Shenandoah Nat. Bank, 27 Grat. 755; Brockenbrough v. Brockenbrough, 31 Grat. 580. West Virginia: Garden v. Bodwing, 9 W. Va. 121; Kuhn, Netter & Co. v. Mack, 4 W. Va. 186; Gardner v. Johnston, 9 W. Va. 403. Wisconsin: Blakeslee v. Rossman, 43 Wis. 116; Anderson v. Patterson, 64 Wis. 557, 25 N. W. 541; Butts v. Peacock, 23 Wis. 359; Place v. Langworthy, 13 Wis. 629; but see Rice v. Jerenson, 54 Wis. 248, 11 N. W. 549.

[The states in which such a mortgage is not as to third parties fraudulent as a matter of law are as follows: Alabama: Benedict v. Renfro, 75 Ala. 121; Renfro v. Goetter, 78 Ala. 311; Owens v. Hobbie, 82 Ala. 467, 3 South. 145; Hayes v. Westcott, 91 Ala. 143, 8 South. 337. Arkansas: Sparks v. Mack, 31 Ark. 666; Fink v. Ehrman, 44 Ark. 310; Gauss v. Doyle, 46 Ark. 122; Felner v. Wilson, 55 Ark. 77, 17 S. W. 587. Georgia: Chisolm v. Chittenden, 45 Ga. 213; Goodrich v. Williams, 50 Ga. 425; Anderson v. Howard, 49 Ga. 313; Johnson v. Patterson, 2 Woods, 443, Case No. 7,403; and see Code Ga. § 1954. Indiana: Muncie Nat. Bank v. Brown, 112 Ind. 474, 14 N. E. 358; McFadden v. Fritz, 90 Ind. 590; Dessar v. Field, 99 Ind. 548; Stix v. Sadler, 109 Ind. 254, 9 N. E. 905; Berghoff v. McDonald, 87 Ind. 549; Fletcher v. Martin, 126 Ind. 55, 25 N. E. 886; Rinkskopf v. Vaughan, 40 Fed. 394. Iowa: Campbell v. Leonard. 11 Iowa, 489; Smith v. McLean, 24 Iowa. 322; Jessup v. Bridge, 11 Iowa, 572; Adler v. Claflin, 17 Iowa, 89; Hughes v. Cory, 20 Iowa, 399; Doane v. Garretson. 24 Iowa, 351; Allen v. McCalla, 25 Iowa, 465; Clark v. Hyman, 55 Iowa, 14, 7 N. W. 386. Kansas: Frankhouser v. Ellett, 22 Kan. 127; Howard v. Rohlfing, 36 Kan. 357, 13 Pac. 566; Cameron v. Marvin. 26 Kan. 612. Kentucky: Jarvis v. Davis, 14 B. Mon. 424; Vernon v. Morton, 8 Dana, 247; Daniel v. Morrison, 6 Dana, 182; Lyons v. Field, 17 B. Mon. 543; Zaring v. Cox, 78 Ky. 527; Loth v. Carty, 85 Ky. 591, 4 S. W. 314; Rosenberg v. Thompson, 8 S. W. 895. Maine: Partridge v. White, 59 Me. 564; Brown v. Thompson, Id. 572; Allen v. Goodnow. 71 Me. 420; Deering v. Cobb, 74 Me. 332; Williamson v. Nealey, 81 Me. 447, 17 Atl. 404. Massachusetts: Briggs v. Parkman, 2 Metc. 258; Fletcher v. Powers, 131 Mass. 333; Sleeper v. Chapman, 121 Mass. 404; Jones v. Huggeford, 3 Metc. 515; Robbins v.

Parker, Id. 117; Banfield v. Whipple, 14 Allen, 15; Green v. Tanner, 8 Metc. 411; Hoffman v. Noble, 6 Metc. 68. Michigan: Curtis v. Wilcox, 49 Mich. 425, 13 N. W. 803; Laing v. Perrott, 48 Mich. 298, 12 N. W. 192; Keables v. Christie, 47 Mich. 594, 11 N. W. 400; Adams v. Niemann, 46 Mich. 135, 8 N. W. 719; Merchants' & Manufacturers' Nat. Bank v. Kent Circuit Judge, 43 Mich. 292, 5 N. W. 627. Mississippi: Baldwin v. Little, 64 Miss. 126, 8 South. 168; Hilliard v. Cagle, 46 Miss. 309; Summers v. Roos, 42 Miss. 749. Nebraska: Omaha Book Co. v. Sutherland, 10 Neb. 334, 6 N. W. 367; Gregory v. Whedon, 8 Neb. 373, 1 N. W. 309; Brunswick v. McClay, 7 Neb. 137; Williams v. Evans, 6 Neb. 216; Hedman v. Anderson, Id. 392. New Hampshire: Gibbs v. Parsons, 64 N. H. 66, 6 Atl. 93; Wilson v. Sullivan, 58 N. H. 260. New Jersey: Miller v. Shreve, 29 N. J. Law, 250; Looker v. Peckwell, 38 N. J. Law, 253; Lister v. Simpson, 38 N. J. Eq. 438; Runyon v. Groshon, 12 N. J. Eq. 86; Miller v. Jones, 15 N. B. R. 150. Case No. 9,-576. New York: See supra. North Dakota: See supra. Ohio: Brown v. Webb, 20 Ohio, 389; Kleine v. Katzenberger, 20 Ohio St. 110. Rhode Island: Williams v. Winsor, 12 R. I. 9; Williams v. Briggs, 11 R. I. 476. South Carolina: Parker & Co. v. Jacobs, 14 S. C. 112; Hirshkind & Co. v. Israel, 18 S. C. 157. South Dakota: See Greeley v. Winsor, 1 S. D. 117, 45 N. W. 325; Lane v. Starr, Id. 212. Vermont: Peabody v. Landon, 61 Vt. 318, 17 Atl. 781; Weeks v. Prescott, 53 Vt. 57; Houston v. Howard, 39 Vt. 54. Washington: Ephraim v. Kelleher, 4 Wash. 243, 29 Pac. 985, distinguishing Wineburgh v. Schaer, 2 Wash. T. 328, 5 Pac. 299, and overruling Byrd v. Forbes, 3 Wash. T. 318, 13 Pac. 715. Wyoming: See Laws 1882, c. 11, § 9.]