LYMAN STEWART and others *vs.* JOHN ACKLEY and others.

The rule is well settled, that where two or more persons are engaged in a fraudulent transaction to injure another, neither law nor equity will interfere to relieve either of such persons, as against the other, from the consequences of their misconduct.

Thus, where property belonging to L. A. was conveyed by him to his brother W. A. without consideration, and for the purpose of hindering, delaying and defrauding the creditors of the grantor, and thereupon W. A. and wife conveyed the same premises to J. A. *in trust,* to apply the income to the use of L. A.'s wife, in such manner as she, with the consent of the trustee, should from time to time direct, with power to dispose of the property, and the proceeds thereof, for her benefit, &c. with remainder to her issue, if she left any, and, if not, then to the plaintiffs, the brothers and sisters of herself and her husband; such trust deed being also executed and delivered without consideration, and for the same purpose as the former deed, the *cestui que trust,* L. A.'s wife, knowing, at the time, that such trust deed was executed and delivered for such purpose; and the trustee never took actual possession of the trust property, or any part of it, but the same was, by the assent and direction of the *cestui que trust,* left in the possession of her husband, L. A., and was managed by him;

*Held,* 1. That, as an action could not have been maintained by the trustee, claiming under the deed, to recover possession of the property, because the transaction was tainted with fraud, the *cestui que trust* stood in no better position than the trustee; that she being a party to the fraud, and acquainted with its object and purpose, would thus occupy precisely the same attitude as the grantor and the trustee.

2. That the plaintiffs, after the death of L. A.'s wife, took the place of their predecessor, from whom they derived their title, and were entitled to no greater rights than she would enjoy. That they were not innocent parties, but persons claiming through a fraudulent conveyance, which could not be enforced as between the grantor and grantee and the immediate beneficiary, and, therefore, they could not maintain an action, against the trustee, to recover their interest in the trust funds.

3. That as the trustee never actually had possession or control of the property, he was not accountable for it as actual trustee.

APPEAL from a judgment, entered upon the report of a referee.

The plaintiffs are the brothers, and sisters, either of Lot Ackley, or Tamson Ackley, who were husband and wife. They brought this action to recover of John Ackley, as trustee, their alleged interest in certain trust funds, claimed

to be held by him for their use. The other defendants (except William Ackley and wife) were made parties, as being entitled under the deed, and refusing to join as plaintiffs. The plaintiffs claim under a deed made February 26, 1846, by and between William Ackley and wife, of the first part, and John Ackley of the second part, of various real and personal property, in trust, to apply the income, and so much of the principal, to the use of said Tamson, wife of Lot Ackley, in such sums, at such times, and in such manner as the said Tamson, with the consent of the trustee should, from time to time direct; with power to dispose of the property and the proceeds thereof, for the benefit of said Tamson, with consent of the said trustee, and as the said Tamson might appoint and direct, and as she and the said trustee might judge most advisable and for her best interests, with remainder to her issue, if she left any, and if not, then to the brothers and sisters of herself and the said Lot.

The defendants introduced evidence to show that the trustee concurred with Mrs. Ackley, in submitting the whole trust fund to the management of her husband, the trustee acting nominally in the execution of papers, when required. It was claimed that his assent, if not expressly proved, would be implied from the fact that he left the property entirely to the control of Lot Ackley, and passively executed whatever conveyances were re-quested.

The referee made certain findings which are particularly referred to in the opinion. He also found that John Ackley, the trustee, was bound to account for $3250 of the trust fund, which the referee held was unexpended at the death of the said Tamson, which the said Lot Ackley, with the knowledge and consent of the trustee, did wrongfully use for his own benefit and advantage, and converted the same to his own use. This consisted of the balance, after deducting the trustee's commissions, of three items,

being $1233.50 remaining in the River street store, first conveyed by the deed, $2000 of the Bethel Church mortgage, and $50 of Troy and Greenbush railroad strock. The defendants claimed that these items were consumed by advances made by Lot Ackley at the request and for the benefit of his wife, with the consent of the trustee, and upon the agreement that he should be reimbursed out of the trust fund. The referee was requested so to find, and refused, and the defendants excepted. Other exceptions were also taken to the report of the referee.

Judgment was entered upon the referee's report, and the defendants appealed.

*W. A. Beach,* for the defendants, appellants.

*M. I. Townsend,* for the plaintiff, respondent.

*By the Court,* MILLER, J. The main question which arises in the case at bar relates to the validity of the trust created by the indenture executed by William Ackley, and wife, to John Ackley, for the benefit of Tamson Ackley, the wife of Lot Ackley.

The evidence shows, and the referee has found, that the property embraced in the deed creating the trust formerly belonged to Lot Ackley, and was conveyed by him to his brother William, without consideration, and for the purpose of hindering, delaying and defrauding the creditors of said Lot Ackley. And that the deed from William Ackley and wife to John Ackley was executed and delivered without consideration, and for the same purpose; and that Tamson Ackley knew, at the time thereof, that such deed was so executed and delivered for such purpose. It also appears, and was found, by the referee, that the trustee never took actual possession of the trust property, or any part of it; but the whole of it, by the assent and direction of Tamson Ackley, was left

in the possession of Lot Ackley and was managed by him with the knowledge and by the direction of his said wife. There was also evidence to prove that John Ackley, the trustee, acted in the execution of papers, when required; but the trust fund was submitted to the management of the husband of Mrs. Ackley, who had possession of it. And the referee found that a considerable portion of the fund had been consumed and used by Tamson Ackley and under her direction.

I think that the deed of the property having been made with the intent to defraud creditors, and the property embraced in it never having passed to the actual possession of the trustee, but being left in the possession of Lot Ackley, the plaintiffs cannot maintain this action. It would have been held invalid in an action instituted by a creditor to set it a side, as a fraudulent conveyance; and the rule is well settled that where two or more persons are engaged in a fraudulent transaction to injure another, neither law nor equity will interfere to relieve either of the persons as against the other, from the consequences of their misconduct. (*See Bolt* v. *Rogers,* 3 *Paige,* 157.)

This court has had occasion, quite recently, to consider the question which is here involved, or one of a similar character, in the case of *Sweet* v. *Tinslar,* (*ante, p.* 271,) where all the authorities are fully cited. The action was brought to compel the defendant to render an account of his receipts and expenditures, and to convey certain real estate, to the plaintiff, which he held under a deed and a trust agreement which was entered into for the plaintiff's benefit, and the object of which was to prevent a creditor of the plaintiff from enforcing and collecting certain judgments and demands held against him. And it was held, upon demurrer to the complaint, that within the principle of the authorities to which I have referred, the action would not lie.

Stewart *v.* Ackley.

It is evident that under the circumstances attendant upon the present case, the action could not have been maintained by the trustee claiming under the deed, to recover possession of the property; and the transaction being tainted with fraud, the court would not have aided him in its enforcement. It is also equally clear that the original *cestui que trust* stands in no better position than the trustee. She was a party to the fraud, acquainted with its object and purpose, was a *particeps criminis* throughout, and would thereby occupy precisely the same attitude as the grantor and the trustee. The present plaintiffs, I think, must take the place of their predecessor, Tamson Ackley, from whom they derive the only title which they even claim to the fund in question, and are entitled to no greater rights than she would enjoy if she was the plaintiff in this action. They are not innocent parties, but persons claiming through a fraudulent conveyance which could not be enforced as between the grantor and grantee and the immediate beneficiary.

In my opinion there is no good reason why the successor to a trustee, or the heirs at law of a grantor or grantee, in a fraudulent conveyance, should enjoy and have the benefit of a better position than the original party to the instrument.

If the trustee had actually received the trust property and disposed of it, improperly, he might perhaps be chargeable in an action brought for a breach of the trust; but it happens in this action that the trustee never actually had possession or control of the property, and the action is not brought upon the theory that the trustee committed a breach of trust, but upon the ground that he is accountable for the property as actual trustee, although he never received it.

I have entertained some doubt whether the trust deed was not in the nature of an *executed* contract, instead of an *executory* one, which would authorize the maintenance

of this action.  The facts as conceded and found indicated, however, that the trust created was never fully executed and carried out, as the trustee never reduced the property to possession.  So far as relates to the receipt of moneys, it would also seem to have been executory and incomplete, and if the trustee is liable at all, he is made so for the reason that he was nominally named in the instrument, and not because he actually assumed and performed the duties of the office.

As the trustee has not received the property, and the object of the arrangement was to defraud creditors, it cannot, I think, be upheld in this action.

The result of my examination in this case establishes that the referee was wrong in his decision, and that the judgment entered upon his report must be reversed, and a new trial granted, with costs to abide the event.

[ALBANY GENERAL TERM, December 2, 1867.  *Peckham, Miller* and *Ingalls,* Justices.]