# WHEELING.

## GARDEN & CO. *v.* BODWING'S ADMX.

### July 17, 1876.

S. conveyed by deed of trust to McC., certain goods, to secure to B the payment of a certain sum of money. The deed contained the following clause: that S., agrees and obligates himself to keep always on hand a stock of goods equal·in quality,.description and value to the personal property hereinabove mentioned, until the debt which this deed is drawn to secure is paid in full—HELD:

1. That the inference fairly deducible from that clause is, that the grantor, not only retains possession of the goods, but has an absolute power of sale thereof.

2. The clause is inconsistent with the security for the debt, or object of the trust, and adequate to the defeat thereof, being equivalent to a power of revocation; and the deed is therefore fraudulent and void, as to creditors.

Appeal from, and *supersedeas* to, a decree of the municipal court of Wheeling, rendered on the fourth day of December, 1875, granted on the petition of Susanna Bodwing, administratrix of Philip Bodwing, deceased.

The complainants were C. H. Garden, Daniel Donavan, Joseph Tierney, John L. Bugh, William M. Garden, and John Campbell, partners as C. H. Gardner & Co., and the respondents, Thomas McCormick, trustee of David F. Schwartz, and said Bodwing as administratrix, as aforesaid.

The facts are sufficiently stated in the opinion of the court.

16

1876
June Term.

Garden & Co.
v.
Bodwing's Ad'x

The Hon. Gibson S. Cranmer, judge of said court, presided at the hearing below.

*Henry M. Russell* for the appellant.

*Davenport & Dovener* and *C. W. B. Allison* for the appellees.

MOORE, JUDGE :

The only question in this case, is, as to the validity of the deed of trust made by Schwartz to McCormick, as trustee, upon certain personal property, in his store, to secure to Mrs. Bodwing a debt of $800, evidenced by two notes, designated in said deed, not payable for several months from date of deed.

The objectionable clause in the deed, is that in which Schwartz "agrees and obligates himself to keep always on hand a stock of goods equal in quality, description and value to the personal property herein above mentioned, until the debt which this deed is drawn to secure, is paid in full."

Is that clause inconsistent with the security for the debt, or object of the trust, and adequate to the defeat thereof?

The inference fairly deducible from that clause, is, that the grantor not only retains possession of the goods, but has an absolute power of sale thereof. Certainly this power is incompatible with the purpose of security for the debt, is inconsistent with the trust, and is clearly adequate to the defeat thereof. Maxwell, Judge, in the case of *Kuhn, Netter & Co. v. Mack & Bro.*, 4 W. Va. 194, says, "the agreement contained in the trust to supply the place of goods sold by additional purchases, cannot take this case out of the rule in the cases referred to." (The cases referred to are *Lang v. Lee*, 3 Rand. 410 ; *Shepherd v. Turpin*, 3 Gratt. 350 ; *Spence v. Bagwell*, 6 Gratt. 444.)

As to the fraudulent intent, there is no proof, except that arising from the face of the deed. In fact, outside of the deed, the transaction appears to be *bona fide* ;

the debt being just, no doubt it was the honest intention of the grantor to give ample security for its payment; but the means adopted in the deed was equivalent to a power of revocation, and certainly was well calculated to hinder and delay creditors, as he intended to supply the place of the goods sold with those of after purchase. Therefore, I am of opinion that this case is fully met by the case of *Kuhn, Netter & Co. v. Mack & Bro.*, and that the principles herein involved are thereby *res adjudicata*; and although, in this particular case, it is a seeming hardship, we must follow the rule as heretofore laid down by this Court, therefore, *stare decisis*.

The decree of the municipal court, must be affirmed, with costs and $30 damages.

The other Judges concurred.

DECREE AFFIRMED.