23 749
43 327

23 749
44 168

23 749
56 391

23 749
65 359

# WHEELING.

KLEE & BROTHERS *v.* REITZENBERGER *et al.*

Submitted January 30, 1884—Decided April 5, 1884.

1. A trust-deed made by an insolvent debtor conveying his household and kitchen goods and furniture to secure a *bona fide* debt due from him to his mother and payable at six months, with a provision in said deed that the grantor shall retain the possession, use and enjoyment of the property, until there is default in the payment of said debt at its maturity, and the trustee is required by the creditor to sell the same, is held under the circumstances to be a valid conveyance.  (p. 753.)

2. A trust-deed made about the same time by the same debtor conveying the store-goods and merchandise in his store to secure other creditors, with provisions of a similar character, is held to be invalid; and what purported to be an absolute sale of the same goods made shortly afterwards by the debtor to the principal creditor secured in said trust-deed, without the consent of the trustee or the other creditors, in consideration of the debts secured in the deed, but without any actual delivery of the goods so sold, and the seller afterwards conducted the store in the name of the purchaser, is held to be a part of the same fraudulent transaction, and under the circumstances both the trust-deed and subsequent pretended sale are held fraudulent and void as to the creditors of the grantor.  (p. 755.)

The opinion of the Court contains all the facts of the case.

*Barna Powell* for appellant.

*Van Winkle & Ambler* for appellee.

SNYDER, JUDGE :

Simon Reitzenberger, by deed dated September 1, 1880, conveyed to A. Zilenziger, trustee, his household and kitchen goods and furniture, naming the articles, in the dwelling-

house occupied by him in the city of Parkersburg, Wood county, this State, in trust to secure to Fannie Reitzenberger, his mother, of the city of Cincinnati, Ohio, a note executed by him to her for five hundred and fifty-seven dollars of even date with the deed and payable six months after date with interest. The deed provides that the grantor shall retain the possession, use and enjoyment of the property until the maturity of the note and then, upon being requested by the beneficiary, the trustee shall take possession and make sale of the property according to the provisions of chapter 72 of the Code and amendments thereto.

The said Simon Reitzenberger, by another deed, dated September 4, 1880, conveyed to Isaac Prager, trustee, "all and singularly the stock, wares, merchandise, store-fixtures, and appurtenances, used, on hand or in his possession, in and upon the premises occupied by him, at his place of business, on Market street, in the city of Parkersburg, consisting of a lot of men's and boys' coats, pants, vests, shirts, underwear, trunks, valises, hats, caps, umbrellas, neckwear, suspenders, handkerchiefs, overalls, dusters, linen and paper collars and cuffs, five tables, one desk, one iron safe, two gas fixtures in show windows, eight curtains, one show case, about twenty wire figures, one single bedstead and bedding, one large stove, four window stands, and all other property not above particularly described," * * "upon trust that said Reitzenberger shall retain the herein granted property until default be made as hereinafter provided, then upon the further trust to secure" J. Burgunder and W. Greenbaum partners trading as Burgunder & Greenbaum of Baltimore, Md., the payment of a balance of an account of three hundred and seventy-eight dollars and seventy-seven cents, also two notes of six hundred and twenty-eight dollars and seventy cents each to Ambach, Burgunder & Co. on which said Burgunder & Greenbaum are endorsers and to M. Friedman & Son two hundred and eighty-seven dollars and seventy-five cents, the time of payment of which debts "is extended four months from the date hereof," and in the event default is made in the payment of all or any part of said debts when the extension of payment expires or the said Burgander & Greenbaum shall be compelled as endorsers to pay the said notes

of six hundred and twenty-eight dollars and seventy cents each, then the trustee, upon the request of said Burgunder & Greenbaum shall make sale of the property hereby conveyed on the premises and in other respects according to the provisions of chapter 72 of the Code of this State and amendments thereto.

Both of said deeds were admitted to record in Wood county, the first, No. 1, on September 6, 1880, and the second, No. 2, on September 4, 1880.

On Sunday, October 10, 1880, Reitzenberger assisted by two clothing merchants of Parkersburg, made an invoice of the goods and other property conveyed by deed No. 2, then remaining in the store-room and fixed their value at two thousand three hundred and eighteen dollars and eighty-seven cents. By a writing under seal, dated October 21, 1880, called in the record a "bill of sale," Reitzenberger sold and assigned to Burgunder & Greenbaum all the goods, wares, &c., mentioned in said invoice, "in consideration of the sum of two thousand three hundred and eighteen dollars and eighty-seven cents, to be credited by said Burgunder & Greenbaum ratably on the debts due to them and for which they are liable and secured in said deed of trust, and also ratably on the debt due to M. Friedman & Son."

This bill of sale was acknowledged and recorded in the clerk's office of the county court of Wood county on the day of its date; and by a written endorsement thereon, dated October 23, 1880, Burgunder & Greenbaum assigned and transferred all their right, title and interest in the goods, wares, &c., therein mentioned to J. W. Greenbaum and Mayer J. Burgunder.

At the time the aforesaid conveyances were made Reitzenberger, the grantor, was indebted to insolvency and among other creditors not secured was the firm of Klee & Bros., of Pittsburgh, Pa., to whom he owed a debt of one hundred and ninety-five dollars and sixty cents. This firm thereafter brought an action at law and obtained a judgment for their debt on which execution issued, March 3, 1881, and was levied by the sheriff of Wood county on a part of the property mentioned in said trust-deed, No. 2, and also in said bill of sale. The sheriff, being informed that the property so levied

on belonged to J. W. Greenbaum & Co., demanded indemnity which was not given and he, on May 2, 1881, returned the execution to the clerk's office and thereupon the plaintiffs therein caused the same to be entered on the execution-lien-docket of the county.

In November, 1881, the said Klee & Bros. exhibited their bill in the circuit court of said county to set aside said trust-deeds and bill of sale and subject the goods and property thereby conveyed and transferred to the satisfaction of their debt and execution-lien. The grantors, trustees, assignees and beneficiaries in said deeds and bill of sale were all made defendants to the bill. At the June rules, 1882, the plaintiffs filed an amended bill against the same defendants. They allege the facts hereinbefore stated and aver that said deeds embrace all the property owned by the grantor, Reitzenberger, and that said deeds as well as said bill of sale and the assignment thereon, were made by the grantor with intent to delay, hinder and defraud them and other creditors of Ritzenberger and that the beneficiaries therein had notice of and participated in said fraudulent intent.

The defendants, Simon and Fannie Reitzenberger, filed separate answers and the defendants, Burgunder & Greenbaum and J. W. Greenbaum & Co., filed their joint answer to the plaintiffs' original bill and by consent said answers were also filed as answers to the amended bill. All the answers deny that there was any fraud in the trust-deeds or bill of sale mentioned in the plaintiffs' bill, or that either of them was made with intent to delay, hinder or defraud the plaintiffs or any other creditor of Reitzenberger. The answers were replied to generally.

The cause was finally heard August 7, 1883, and the court by its decree of that date held and decided that the trust-deed, No. 1, made to secure the debt of Fannie Reitzenberger, was a good and valid deed and that the plaintiffs were not entitled to have the same set aside, that the trust-deed, No. 2, made to secure Burgunder & Greenbaum and others, was fraudulent and void as to the plaintiffs, but that the bill of sale of October 21, 1880, was made upon a valuable consideration, and that, notwithstanding the invalidity of the last mentioned trust-deed, the said Burgunder & Greenbaum

by said bill of sale acquired a valid title to and are entitled to hold the property therein described free from and not encumbered by the lien of the plaintiffs' execution, and likewise J. W. Greenbaum & Co., their assignees, are entitled to so hold said property, and that the plaintiffs' bill must be dismissed but without costs. From this decree the plaintiffs appealed.

The substance of the errors assigned by the appellants is that the circuit court erred in holding, *first*, that the trust-deed, No. 1, was a valid conveyance, and *second*, that by the bill of sale of October 21, 1880, the defendants, Burgander & Greenbaum, acquired a good title to the property therein described.

*First*—I do not think the court erred in holding the trust-deed, No. 1, made to secure Fannie Reitzenberger her debt of five hundred and fifty-seven dollars, valid; on the contrary, in my judgment it would have been error to have held otherwise. The proof incontestably establishes that this debt was *bona fide* and justly due. The beneficiary was in Cincinnati at the time the trust was given, having sent her claim to a bank in Parkersburg to have it secured, which was done; and there is no evidence tending in any manner to impeach the honesty and good faith of the debt or the security so far as she is concerned. It appears that she had very little estate for her support other than this debt. In the absence of any fraudulent purpose on her part, or knowledge of such purpose on the part of the grantor, her right to the security cannot be affected unless the deed is fraudulent on its face—*Harden* v. *Wagner*, 22 W. Va. 356.

Let us, then, enquire whether the deed is fraudulent on its face? The property conveyed consists exclusively of household and kitchen goods, and furniture used in the dwelling of the grantor. Such property is not consumable or likely to be injured by proper use. It may be retained for a much longer time than six months without perceptibly impairing its value, and is that kind of property which is seldom ever sold unless by legal force or imperative necessity, and even then it is generally the last that is permitted to be sold. Then considering the *bona fides* of the debt, the small means of the creditor and the character of the prop-

erty, it does not seem to me at all unnatural or improper that the debtor, a son, knowing himself to be indebted to insolvency and having the legal right to prefer one creditor over others, should select his mother, in low circumstances, to whom he is justly indebted, as a proper creditor to be preferred by giving her a lien on property of this character. It seems to me, we may well suppose, that it was the purpose of the law, by giving a debtor in insolvent or failing circumstances the right to secure one creditor in preference to others, to provide for just such a case as this. When the debt is just and the parties act in good faith, as appears to be the fact in this transaction, it is the duty of the debtor to do as the grantor did in this instance. In the scramble for precedence by the creditors of a failing debtor, his mother would be the last one who could be expected to take measures to secure herself; and, consequently, unless she is protected by him while he has the power and right to do so, her debt must be inevitably lost. And in doing so it is most natural that he should convey for that purpose his household goods. These often possess the *pretium affectionis*, and if they must be consigned to the mercy of some creditor, no one could be more appropriately selected as such creditor than his mother.

But it is argued, because the deed provides that there shall be both default in the payment of the debt and then a request by the creditor before the trustee is required to sell, that this makes the conveyance fraudulent by making the time of the sale entirely indefinite. This is simply the requirement of the statute, which authorizes the trustee to sell after default "whenever required by the creditor." Code, chapter 72 section 6. The legal effect would be precisely the same if this provision had been omitted from the deed.

The provision that the grantor shall retain the possession, use and enjoyment of the property, until the sale provided for is made, would, if the property were perishable or could be used only by consuming it, make the conveyance, at least, *prima facie* fraudulent. *Gardner* v. *Johnston*, 9 W. Va. 403; or if it consisted of a stock of goods or merchandise kept in a store for sale, such a provision would make the deed

fraudulent *per se*. *Lang* v. *Lee*, 3 Rand. 431; *Gardner* v. *Bodwing*, 9 W. Va. 121; *Claflin* v. *Foley*, 22 *Id*. 434. But when the property is not of such character, and if of the kind conveyed in this deed, such a provision is not even a badge of fraud, unless made so by other provisions or the surrounding circumstances. *Skipwith* v. *Cunningham*, 8 Leigh 271; *Janney* v. *Barnes*, 11 *Id*. 100; *Cochran* v. *Paris*, 11 Gratt. 348.

When the property conveyed is not perishable or consumable in the use or goods kept for sale, but is household goods, farming implements, libraries, &c., any creditor not secured, if he desires to hasten a sale or subject the interest or use reserved to the debtor may do so by a suit in equity or sale of such interest under his execution. *Lewis* v. *Caperton*, 8 Gratt. 148.

It seems to me, therefore, that notwithstanding the grantor was insolvent and the beneficiary is his mother, this deed was properly held valid by the circuit court. While a deed made under such circumstances and between parties so related will be more closely scrutinized than a conveyance made by a person not insolvent and for the use of one not so related, still the law permits such conveyances when made in entire good faith, and this deed having been so made to secure a just debt it must be sustained—*Harden* v. *Wagner*, 22 W. Va. 356.

*Second*—It seems to be conceded that the circuit court did not err in holding the trust-deed, No. 2, made to secure Burgunder & Greenbaum and others, fraudulent and void, as no attempt has been made in this Court by the counsel for the appellees to sustain it. In my humble judgment that deed is most palpably and plainly fraudulent both on its face and in fact. When it was made the grantor was hopelessly insolvent and the beneficiaries, Burgunder & Greenbaum, knew that fact, as the evidence fully proves that a statement, showing his indebtedness to be over five thousand dollars exclusive of the debts secured in the deed, was sent to them, and that thereupon one of said firm, J. Burgunder, the father-in-law of the grantor, came to Parkersburg from Baltimore and was present when the deed was made. With this knowledge the said firm took from Reitzenberger a conveyance of all his property—he having previously made trust-deed No.

1—consisting of a stock of clothing and other goods in his store, then in active operation, in which it is provided not only that the grantor shall remain in the possession of these goods, without restriction on his right to sell and dispose of them (and this provision would be useless without such right), until the debts pretended to be secured should become due, but by an express stipulation the time of payment is extended four months from the date of the deed, and the grantor is to retain possession of the goods after default until that time expires. And in pursuance of this provision he did retain the possession and continue to sell the goods from that time to the institution of this suit. Can a conveyance of a stock of store-goods with such a provision in it and so treated by the parties, be termed a security for debts real or pretended? The law denounces such a transaction as fraudulent *per se* and in fact, and holds it to be simply a sham or cover for the benefit of the debtor and to protect his goods from the pursuit of honest creditors. Such a conveyance is absolutely void as a security and it is altogether immaterial that the debts attempted to be secured are just and valid—*Kuhn* v. *Mack*, 4 W. Va. 186; *Claflin* v. *Foley*, 22 W. Va. 434; *Livesay* v. *Beard, Id.* 585.

This trust-deed having been properly adjudged void by the circuit court and it being, as we have seen, fraudulent both in fact and in law, it is difficult to surmise upon what ground the court held its sequel, the bill of sale of October 21, 1880, valid. The only ground stated in the decree is that it was founded upon a valuable consideration. Conceding this to be true, it would nevertheless be inoperative and void as to the appellants and other unsecured creditors of Reitzenberger if it was a part of a fraudulent scheme or transaction. *Goshorn* v. *Snodgrass*, 17 W. Va. 717; *Harden* v. *Wagner*, 22 *Id.* 356.

It is an elementary principle universally recognized, that a conveyance, although it may be fraudulent and absolutely void as to the creditors of the grantor, will notwithstanding be valid and binding not only upon the grantor and grantee but all parties claiming under it or in privity with the parties thereto. *Stewart* v. *Ackley*, 52 Barb. 283; *Bolt* v. *Rogers*, 3 Paige 157. Consequently this trust-deed, No. 2, was

obligatory on the grantor and Burgunder & Greenbaum who claimed under and accepted its provisions. The title to the property, as to these parties, passed from the grantor to the trustee and without his consent and the consent of the other creditors secured, neither Reitzenberger nor Burgunder & Greenbaum could control or dispose of it. But without such consent they attempted to deal with the property as their own and to all intents and purposes as if the trust-deed had never been given. They must, therefore, have regarded the said deed absolutely void not only as to others but even as among themselves. Otherwise they would not have attempted thus to ignore it. The four months given by its terms had not expired and, therefore, by its provisions, no default had occurred.

The parties and the property being in this situation, Reitzenberger and Burgunder & Greenbaum, to further their plans in securing the property of Reitzenberger entered into the arrangement of October 21, 1880, and called it an absolute sale of the property. If the trust-deed had been made in good faith by them, they would not have felt the necessity of ignoring and repudiating it so soon thereafter. But knowing that it had been made for a fraudulent purpose and fearing no doubt that that purpose was too apparent to effect their object, they deemed it prudent as soon as possible to change the form of the transaction; for there was no change made in its substance by the so-called absolute sale. The consideration was professedly the same. The parties, the subject-matter and the avowed object and purpose were identical in the trust-deed and in the bill of sale. The purpose in the deed which was faithfully carried into the bill of sale was to protect the property from the debts of Reitzenberger.

That these two acts are a part of one and the same transaction or fraudulent scheme is apparent from the conduct of the participants therein. At the time the trust-deed was executed it was understood that Reitzenberger should continue in the store and sell the goods as he had done theretofore until the son of Burgunder or of Greenbaum should be sent from Baltimore to take charge in order no doubt to give a color of fairness to the transaction. Reitzenberger did re-

main in the store and while so in charge of it, by an arrange-
ment he and two of his friends, who had been requested to
act by J. Burgunder, on Sunday, October 10, 1880, made a
hasty [invoice of the goods then on hand. About ten days
after this the son of Burgunder came from Baltimore to
Parkersburg and about the same time the sale bill was made
transferring in form the goods from Reitzenberger to Bur-
gunder & Greenbaum and from the latter to their sons under
the name of J. W. Greenbaum & Co. From this time until
December 24, 1880, Reitzenberger absented himself from the
store and it was run under the name of J. W. Greenbaum
& Co. in charge of his clerk and young Burgander. On De-
cember 24, 1880, young Burgunder left and has never been
in the store since; and at that time Reitzenberger took
active charge and control of the store and run it thereafter in
the name of J. W. Greenbaum & Co. and has so continued
to run it ever since so far as the record shows. The evi-
dence does not show that there was any change in the con-
duct of the business in any respect except in the name under
which it was run. There was no change of the books, the
management, the agents or the possession of the property
except nominally for two months while young Burgunder
was in the store. This was obviously intended merely to
give color to the pretended sale, but there was in fact no
delivery or change in possession. This was evidently so
regarded by the parties, because they were unwilling to rely
on the bill of sale alone, but in order to fortify it, they did
the unusual and unnecessary act of having what they claimed
to be evidence of an absolute sale of personal property
recorded among the records of the county. If the sale had
been made in good faith and the possession delivered, the
title would have been secure in the vendee without recorda-
tion, and if not, the recording of the bill of sale would not
give the transaction any force or validity. Trust-deeds of
personal property are required to be recorded, but an abso-
lute sale of such property is effected by the agreement of
the parties and the delivery of the possession. Unless the
possession is delivered to the vendee the sale will be held to
be incomplete and fraudulent although the contract of such
sale may be recorded—*Davis* v. *Turner,* 4 Grat. 422.

After Reitzenberger commenced conducting the store under the name of J. W. Greenbaum & Co., he placed a small sign bearing that name on the side of the store door, but it does not appear that he published in 'a newspaper the notice required by the statute, so as to protect the goods from liability for his debts—Code, chapter 100, section 13. This statute would seem of itself to make the goods in the store liable for Reitzenberger's debts. But it is unnecessary to construe this statute in this cause.

There is another consideration of much weight in this cause, and that is, that notwithstanding the circumstances and conduct of the parties thus attending the execution of said bill of sale and the subsequent control and possession of the property by the grantor would seem to require explanation, if any such could be given, yet neither of the members of the firm of Burgunder & Greenbaum nor their sons, who it is asserted compose the firm of J. W. Greenbaum & Co., has become a witness or offered to testify in this cause. Reitzenberger even was not offered as a witness on their behalf, but after being examined by the plaintiffs they cross-examined him. If these parties, so much interested and so intimately connected with all these transactions, could have truthfully testified to facts showing the *bona fides* of the deed and alleged sale in question, the reasonable presumption is, being competent witnesses, that they or some of them at least would have done so. When the circumstances are so suspicious as those surrounding these transactions, the failure of the parties, cognizant of the facts and, if honest, interested in sustaining them, to offer explanatory or rebutting evidence, thus clearly within their power, had it existed, makes strongly against them—*Glenn* v. *Glenn*, 17 Iowa 498; *Blatch* v. *Archer*, Cowp. 63.

Upon all the facts and circumstances therefore, I am clearly of opinion that the said trust-deed, No. 2, and bill of sale are parts of one, and the same scheme and transactions devised to hinder, delay and defraud the creditors of Simon Reitzenberger, and that said pretended sale of October 21, 1880, to Burgunder & Greenbaum and their assignment to their sons, dated October 23, 1880, as well as the said trust-deed, No. 2, are fraudulent and void as to the debts of the plaintiffs and

other creditors of said Reitzenberger, and that the circuit court erred in not so holding.

So much of the decree of the circuit court of August 7, 1883, as holds the trust-deed, No. 1, made to secure the debt due to Fannie Reitzenberger therein mentioned valid, and so much also of said decree as adjudges the trust-deed, No. 2, made to secure Burgunder & Greenbaum and others, null and void, is affirmed and the residue of said decree is reversed with costs against the appellees other than said Fannie Reitzenberger and the trustees in said deed; and this cause is remanded to said circuit court for further proceedings there to be had in accordance with the principles announced in this opinion.

AFFIRMED IN PART.    REMANDED.