# CHARLESTON.

### COHN v. WARD.

\*(GREEN JUDGE, Absent.)

Submitted January 10, 1889.—Decided January 29, 1889.

1. FRAUDULENT CONVEYANCE—CONSIDERATION—DEED.

   It is the settled law of this State, that the recital in a deed of the payment of a valuable consideration for the property therein conveyed is not evidence of such payment as against a stranger or a creditor of the grantor assailing the deed as voluntary and fraudulent as to him. (p. 38.)

2. FRAUDULENT CONVEYANCE — CONSIDERATION — BURDEN OF PROOF.

   But when in such case the conveyance is shown to be founded upon a valuable consideration, the burden of proving that the deed is fraudulent in fact rests upon the creditor assailing it. (p. 38.)

3. FRAUDULENT CONVEYANCE—TRUSTS AND TRUSTEES.

   A trust-deed conveying real and personal property including a stock of store-goods is not *per se* fraudulent, because it postpones the sale of real estate for six months from the date of the deed and authorizes the trustee after taking an inventory of the store- goods to take control of them and sell the same at private sale, if that can be done in six months, and then sell the residue at public auction, in either case the sales to be in the best possible manner for the interests of the creditors of the grantor. (p. 39.)

4. FRAUDULENT CONVEYANCE—TRUSTS AND TRUSTEES.

   Where a trust-deed secures many debts in separate classes or

\*On account of illness.

to different persons, the simple fact, that a part of the debts secured are shown to be invalid or voluntary, will not make the deed invalid as a security for other and *bona fide* debts secured therein. (p. 40.)

5. Fraudulent Conveyance—Trusts and Trustees—Insolvency.

The fact, that a trustee in a trust-deed is insolvent and untrustworthy, will not of itself make the deed void; but in such case the court may appoint a receiver and administer the trust according to the provisions of the deed. (p. 40.)

*W. A. McCorkle* for appellant.

*J. G. Schilling* for appellees.

Snyder, President :

James T. Ward and Martha A., his wife, by three several deeds dated in October, 1883, and recorded in September, 1884, conveyed to J. C. Dillard with general warranty the following real estate situate in Roane county, viz : (1) A house and lot in the town of Walton, in and upon which the said Ward and wife then resided; (2) the storehouse and lot in the same town then occupied by the said Ward ; and (3) a lot of land on the south side of Poca river, near said town. By three subsequent deeds dated November 19, 1883, and recorded on September 26, 1884, the said J. C. Dillard and wife conveyed all of said real estate to Martha A. Ward, the wife of said James T.; and afterwards the said James T. Ward and Martha A., his wife, by deed dated January 31, 1885, duly acknowledged by them and recorded February 3, 1885, conveyed to Uriah Dobbins, trustee, all the aforesaid real estate together with all the other real and personal property owned by the grantors, the personalty consisting of (1) a stock of dry goods, boots and shoes, queen's-ware and hardware and clothing and all the fixtures and appurtenances in the storehouse then occupied by said Ward in the town of Walton; (2) all the household and kitchen furniture in the dwelling-house of said Ward in the said town of Walton ; (3) the cattle, horses and other live-stock of the said Ward ; and (4) all the notes, accounts and other evidences of credits belonging to said Ward,—in trust for the following purpose:

" The said trustee to take charge of the above-mentioned property, to appraise and take an inventory of the same, and

take control of the store-room and the goods therein, and sell the goods in the best possible manner for the creditors of the said J. T. Ward, at private sale, for the space of six months, and at the end of said six months, in case said personal property and store goods are not sold at private sale, then the said trustee shall, after advertising for the space of thirty days, sell the said personal property at public auction. The said trustee shall also sell the said real estate, if after the space of six months thereof it shall be ascertained that the personal estate shall not pay all of the indebtedness due and owing by said Ward in the following manner, and upon the following terms: Notice shall be given of the terms of said sale by publishing in some newspaper published in Roane county. The payment shall be one-third cash in hand, and the balance in twelve and twenty-four months, respectively, in equal installments, the purchaser executing bonds for the purchase-money, with approved security, and title withheld until whole of purchase-money is paid; and that the proceeds of the sale of the said above-mentioned real and personal property shall be paid by said trustee to the following persons, and in the following order, and for the following purposes, to-wit: *First,* to pay the costs of the execution of said trust; *second,* J. C. Dillard the sum of one thousand dollars; *third,* James S. Gandee the sum of one thousand dollars; *fourth,* Jasper Peterson, of Lewis county, the sum of eight hundred and thirty-five dollars; *fifth,* Clayburn Cunningham the sum of seven hundred and fifty dollars; *sixth,* F. J. Daniels & Co. the sum of two hundred and fifty dollars; *seventh,* G. R. Jacobs the sum of thirty dollars; *eighth,* A. B. Wells the sum of fifty dollars; and after the above sums shall be paid in the order set out in the above manner, then the trustee shall pay the following debts *pro rata* with each other: McFarland, Sanford & Co., $280.00; Reed & Peebles, $150.00; Cohn Bros., about $300.00; Goodrich, Peele & Co., $150.00; and any other indebtedness not herein expressly mentioned shall be paid *pro rata* with the above last-named parties. And it is further understood that in case any of the sums above mentioned shall be ascertained to be incorrect, that the said trustee shall correct the same, and pay the same according to said corrections, and the parties

of the first part warrant generally the property herein conveyed."

On February 14, 1885, Cohn Bros. & Co., suing for themselves and other creditors of said James T. Ward, filed their bill in the Circuit Court of Roane county against the said Ward and wife, the trustee and creditors mentioned in said trust-deed, in which they allege, that the said James T. Ward is indebted to them, the plaintiffs, in the sum of $377.72, being the balance on two notes of the said Ward, and on which an action of debt had been instituted in said court on January 5, 1885. Then after alleging the indebtedness of said Ward to several other creditors and setting out the conveyances before mentioned the bill charges, that the aforesaid deeds from Ward and wife to J. C Dillard and from Dillard to Martha A. Ward were voluntary and made with intent to delay and defraud the creditors of said Ward; that the said trust-deed from Ward and wife to Uriah Dobbins, trustee, " is fraudulent and void, because the sale of the real estate therein mentioned is postponed for six months, and because the said deed provides for the voluntary distribution of the proceeds of the sale of the property to the amount of $——, to Dillard, Gandee, Peterson, Cunningham, Daniels, Jacobs and Wells, and out of the residue, if any, it provides for the payment of the debts *pro rata* of said Ward; and for other reasons appearing on the face of said deed."

The bill further alleges, that the trustee, Dobbins, was a confidential friend of Ward and under his influence; that he was selected as trustee, because said Ward knew he could induce him to allow the trust-property to be used and converted to the benefit of Ward; and that Dobbins was wholly insolvent and irresponsible and was made trustee on this account; and further that Ward and wife did not surrender the possession of the trust-property, but retained the same and are still in possession thereof. The prayer is that all of said deeds may be declared fraudulent and be set aside, and that the property therein conveyed may be subjected to the debts of Ward; that the trustee, Dobbins, may be enjoined from interfering with said property; and that a receiver may be appointed to take charge of the same, *etc.*

The defendants, James T. Ward and the trustee, Dobbins,

the only parties who answered the bill, each deny all the allegations charging fraud or imputing bad faith or any illegal purpose in the execution of said deeds or either of them; and they aver that the same were executed *bona fide* and for legitimate purposes.

To these answers there were general replications, but no depositions were filed or other proof offered to sustain the facts charged in the bill or the averments of the answers except the exhibits filed by the plaintiffs to prove the indebtedness of Ward to them and other creditors.

The cause was heard on September 3, 1887, and a decree entered setting aside all the aforesaid deeds including the trust-deed from Ward and wife to Dobbins as to the plaintiffs and other creditors of Ward; and by the same decree the cause was referred to a commissioner to take an account of the debts and assets of the said Ward; and a receiver was appointed to take charge of the real and personal property of Ward. From this decree the defendant James T. Ward has appealed.

It seems to me, this decree is plainly erroneous. It is the settled law of this state, that the recital in a deed of the payment of the consideration for the conveyance is not evidence as against a stranger or a creditor of the grantor assailing it as voluntary and therefore fraudulent as to him. In such case the burden of proving, that the deed was made for a valuable consideration, rests upon the grantee or persons claiming the benefit of the deed. But when the consideration is admitted or properly established by proof, then the burden of proving, that the deed is fraudulent in fact, is upon the creditor, who assails the deed. *Rogers* v. *Verlander*, 30 W. Va. 619, (5 S. E. Rep. 847); *Knight* v. *Capito*, 23 W. Va. 639.

According to these authorities, if the bill in this cause had alleged, that the debt of the plaintiffs was in existence in 1883, at the time the deeds from Ward and wife to Dillard and from Dillard to Mrs. Ward were executed, and that said deeds affected the rights of the plaintiffs, then in the absence of any evidence other than the recitals in the deeds, that they were made for a valuable consideration, the court would have been bound to set them aside as voluntary and inoper-

ative against the debts of the plaintiffs and other creditors of the grantors. But the bill in this cause does not allege, that Ward was indebted to the plaintiffs, at the time said deeds were executed; and therefore they had no right to complain of said conveyances on the mere ground that they were voluntary. In addition to this, it appears that by the trust-deed of January 31, 1885, Mrs. Ward and her husband conveyed all these lands to Dobbins for the benefit of all the creditors of Ward including the plaintiffs. It does not therefore appear, that the said conveyances of 1883 do or can in any manner prejudice the rights of the plaintiffs, whether they are valid or invalid, unless the trust-deed is also held invalid.

The material question then is, whether or not the said trust-deed is valid. There is no proof, that this deed is fraudulent in fact. The burden of showing this is, as we have seen, upon the plaintiffs, and they have failed to show it. But the plaintiffs contend, that this deed is fraudulent and void on its face; and this contention is based upon two grounds: *first*, because the sale of the real estate is postponed for six months. There is certainly nothing in this ground. *Lewis* v. *Caperton*, 8 Gratt. 148; *Dance* v. *Seaman*, 11 Gratt. 778; *Sipe* v. *Earman*, 26 Gratt. 563. Nor does it make the deed fraudulent *per se*, that the trustee is authorized to sell the store-goods at private sale for a period of six months, as this Court has expressly decided in *Kyle* v. *Harveys*, 25 W. Va. 716. *Second*. It is claimed that, said trust-deed is fraudulent, because it "provides for the voluntary distribution of the proceeds of the sale" to a specified amount to certain named creditors; and because the trustee is insolvent, irresponsible and the mere tool or instrument of Ward selected for the purpose of defrauding the creditors of Ward. If by the phrase "voluntary distribution of the proceeds of the sale" it is intended to assert, that the amounts secured to the creditors named in the deed are voluntary and without valuable consideration, then the burden of proving, that these alleged debts thus assailed by the plaintiffs were valid and based upon a valuable consideration, was upon the said secured creditors; and, as they failed to offer any proof of that fact, it was proper to hold said debts invalid as against

the plaintiffs and the other creditors of Ward ; but that would not of itself make the deed fraudulent as to the other creditors secured in it, who had valid and *bona fide* debts, which are not questioned or assailed by the plaintiffs in their bill or otherwise, unless the deed was shown to be fraudulent in fact.

Where a trust-deed secures numerous debts in different classes or to different persons, the simple fact, that a part of the debts thus secured are shown to be voluntary or even fraudulent, will not make the deed invalid as a security for other debts mentioned or secured therein, which appear to be *bona fide* and founded upon a valuable consideration. *Klee* v. *Reitzenberger*, 23 W. Va. 749; *Bank* v. *Arthur*, 3 Gratt. 173.

In regard to the insolvency of the trustee and the fraudulent purpose of the grantors in selecting him as such it is enough to say, that these are matters *dehors* the face of the deed, and there is no proof of their truth. But, even if these charges had been proven, in the absence of any evidence to show, that the *bona fide* creditors secured in the deed had actual notice of its fraudulent purpose, the deed would not be void as to them. The appointment of an insolvent or untrustworthy trustee will not of itself render a trust deed void. In such case the court of equity may upon a proper showing take charge of the trust-property and put it into the hands of a receiver and thus administer the trust according to the provisions of the deed. *Harden* v. *Wagner*, 22 W. Va. 356. If the charges against the trustee, as made in the bill, are established by proof, then the plaintiffs' bill should be sustained, and a receiver should be appointed to take charge of the property conveyed in the trust-deed, and the same should be administered by the court according to the terms of the deed, so far as it secures *bona fide* debts founded upon a valuable consideration, unless the deed is proven to be fraudulent in fact with notice to the trustee of its fraudulent purpose. In this latter event the property of the defendant, Ward, should be made liable for his debts regardless of the trust-deed or its provisions.

For the reasons before stated the decree of the Circuit Court must be reversed, and the cause remanded for further

proceedings in accordance with the principles announced in this opinion.

REVERSED. REMANDED.